**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2050-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DAVID JORDAN,

     Defendant-Appellant.

_____

Submitted December 16, 2019 – Decided April 24, 2020

Before Judges Fasciale and Rothstadt.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 08-08-1444.

David Jordan, appellant pro se.

Christopher L.C. Kuberiet, Acting Middlesex County Prosecutor, attorney for respondent (Patrick F. Galdieri, II, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant David Jordan appeals from the denial of his second petition for post-conviction relief (PCR). We affirm.

Defendant was convicted in 2009 of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a), and other related charges. He was sentenced that year to an aggregate term of life without parole. Defendant appealed his conviction and we affirmed. See State v. Jordan, No. A-3315-09 (App. Div. Sept. 4, 2012) (slip op. at 2). The Supreme Court denied his petition for certification. See State v. Jordan, 213 N.J. 388 (2013).

Thereafter, defendant filed a petition for PCR and the PCR judge, who was also the trial judge, denied his petition without an evidentiary hearing and explained his reasons in a written decision. Defendant appealed and we affirmed in another unpublished opinion. See State v. Jordan, No. A-5280-13 (App. Div. Feb. 23, 2016) (slip op. at 1).

Defendant filed a petition for certification. While that petition was pending, defendant filed a second petition for PCR on September 7, 2016. Before defendant's second PCR petition was decided, on November 3, 2016, the Supreme Court issued an order granting certification on the denial of defendant's first PCR petition. State v. Jordan, 228 N.J. 242 (2016). The Court limited its certification to an issue relating to defendant's sentence and remanded the matter

to the trial court for the entry of an amended judgment to reflect a necessary correction. See ibid.[1] Pursuant to the remand, the trial judge amended the defendant's judgment of conviction on November 29, 2016.

In his second PCR petition, defendant argued that appellate and PCR counsel provided ineffective assistance of counsel (IAC) by failing to include in his appeal and petition for PCR a letter defendant purportedly received from his trial counsel. The letter "admitt[ed] that counsel . . . was ineffective" for not pursuing a pre-trial motion to suppress "incriminating statements" that defendant gave to police "while under the influence." In addition, defendant contended that his PCR counsel failed to address defendant's letter to the public defender "addressing the [IAC] during . . . defendant's trial and pretrial [in which trial] counsel . . . admitt[ed] . . . that he withheld vital information as to [defendant's] state of mind" when he made his statements to the police and did not file a motion to suppress. Defendant's second petition was supported only by a pro se brief and a copy of his trial counsel's alleged December 28, 2009 letter that was the subject of his arguments.

[1] The Court limited its granting of defendant's petition "to defendant's challenge to the imposition of his sentence on Count 1, aggravated manslaughter, and as to that issue [it] . . . summarily reversed, and the matter [was] remanded to the trial court for the entry of an amended judgment of conviction that merge[d] Count 1, aggravated manslaughter, with Count 2, murder." Ibid.

A-2050-17T1

The letter defendant relied upon was directed to defendant. In the letter, counsel provided a copy of defendant's "medical chart" and other laboratory results from April 14, 2008 that were taken at a hospital. According to the letter, defendant was undergoing "surgery for a gunshot wound" at that time. Trial counsel provided the letter because he believed "it could be of some help [with defendant's] appeal." Counsel also extended his "apologies for not filing with the courts a motion to suppress the statement" defendant gave to a police detective on three dates in April 2008 while he was in the hospital. According to the letter, those statements were "made while under the influence" and counsel "once again apologize[d] for [his] ineffectiveness."

In addition to the letter, defendant included in his second petition the medical records that were reportedly transmitted to him with the letter. He also supplied his letter addressed to the public defender asking that trial counsel's letter be included in his "[a]ppeal process." That letter to the public defender was dated April 9, 2009.

After considering defendant's submissions and oral arguments, the second PCR judge entered an order on May 26, 2017 denying the petition. The judge's order was supported by an eighteen-page written decision. In her decision, the judge reviewed the underlying facts supporting defendant's conviction. Her

recitation of the facts included the circumstances under which defendant made his statement to a police officer at the hospital while being treated for a gunshot wound, and the police investigation that ultimately led to defendant's arrest and indictment.

Turning to defendant's contentions, the judge observed that while defendant alleged that his first PCR counsel "did not include [the] letter from his trial attorney, dated 2009," in his second petition for PCR, defendant "admit[ted] he was aware of the aforementioned letter at the time he filed [his first petition], but did not mention it to his PCR attorney because he 'believed the letter would become available automatically.'" The PCR judge stated that the "purported" letter from trial counsel was "not credible," and in any event, "the letter [was] not an indicator of [IAC] because there was never a viable motion to suppress" defendant's statements to the police in this matter.

Before further addressing the letter, the judge reviewed the rules applicable to a second petition for PCR, first specifically quoting from Rule 3:22-6's requirement that a defendant show "good cause" in order to have counsel assigned on a second or subsequent petition. The judge then turned to Rule 3:22-4, which requires that a second PCR petition must be dismissed unless certain criteria is met, including that the petition is timely under Rule 3:22-

12(a)(2); and is not based upon "a new rule of constitutional law, . . . does not allege new facts that could not have been discovered with reasonable diligence . . . , or . . . does not allege [IAC] that represented the defendant on the first or subsequent application for [PCR]."

The judge found that defendant's second petition was time-barred under Rule 3:22-12(a)(2), as it "concern[ed] issues [defendant] could have raised in" his first petition. The judge noted that defendant's first petition was denied on April 25, 2014, and he waited more than two years before filing his second petition. She also concluded that his petition did not rely on any new rule of law or any "previously undiscoverable facts." The judge acknowledged that defendant's petition did allege IAC of his PCR and appellate counsel, both relating to the purported letter from his trial attorney.

Addressing that letter, the judge concluded it was "not newly discovered evidence" because defendant had the letter prior to the filing of his first petition. Addressing the merits of defendant's claim, the judge stated that, neither "PCR [nor] appellate counsel were . . . required to make the argument that trial counsel was ineffective for failing to file a motion to suppress . . . because there was never a valid [basis for a] motion to suppress those statements in the first place."

The judge questioned the veracity of the letter, finding it unbelievable that, "an attorney's written communication to a client, especially on the topic of the attorney's ineffectiveness[,] could contain grammatical errors in almost every sentence." The judge then compared the letter from defendant's trial counsel to other letters in the file from the same attorney and noted differences in the formatting of the letters and their layout as compared to the letter offered by defendant.

Adding to the letters lack of credibility, the judge found that the contents of the purported letter "directly contradict[ed] established case law." Referring to her earlier recitation of the facts, the judge emphasized that "all the statement[s defendant] made to [the police] . . . [were] not [made] in custody and his statement[s were] completely voluntary." The judge then reiterated that the purported letter was not newly discovered evidence and it was "almost certainly a forgery."

The judge proceeded to review the law applicable to the statements made by defendant to law enforcement, described again in detail the circumstances under which he made those statements, and concluded that they would not have been suppressed because there was no indication defendant was in custody or subjected to police interrogation at that time.

A-2050-17T1

Addressing defendant's claims about trial counsel in his first petition for PCR, the judge explained that under the two-prong set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), "there was no viable [IAC] claim[] on" the grounds asserted by defendant in his second petition. This appeal followed.

On appeal defendant asserts the following arguments:

POINT I

THE [PCR] COURT ERRED IN DENYING DEFENDANT'S SECOND (PCR), AS BEING TIME <u>BARRED</u> PURSUANT TO <u>R.</u> 3:22-12(a)(2), ARGUING THAT DEFENDANT FILED SECOND (PCR) ONE (1) YEAR AFTER FIRST (1) (PCR). DEFENDANT'S SECOND (2ND) (PCR) WAS FILED WITHIN TIME PURSUANT TO <u>R.</u> 3:22-4(B)(1)(C). . . . (NOT RAISED BELOW).

POINT II

THE [PCR] COURT ERRED IN DENYING THE INTRODUCTION OF THE LETTER SENT TO DEFEND[A]NT . . . FROM THEN TRIAL COUNSEL . . . DATED DECEMBER 28, 2009, INFORMING DEFENDANT . . . HE WAS INEFFECTIVE WHILE REPRESENTING [DEFENDANT] DURING PRE-TRIAL, AND TRIAL STAGE, FOR NOT FILING A . . . MOTION TO SUPPRESS THE STATEMENTS GIVEN BY [DEFENDANT] ON APRIL 14, . . . 15, AND 16, 2008, WHILE DEFENDANT BEING UNDER THE INFLUENCE OF <u>MORPHINE</u>, STEMMING FROM A SURGERY FROM A GUN SHOT WOUND. . . . (NOT RAISED BELOW).

A-2050-17T1

POINT III

DEFENDANT . . . ARGUES . . . HIS CLAIMS W[ERE] NOT PROCEDURALLY BARRED, PETITION HAD <u>INFORMED</u> AND [HE] <u>FILED</u> SECOND (2ND) PCR TO INCLUDE THE LETTER SENT FROM DEFENSE TRIAL ATTORNEY . . . [ON] DECEMBER 28, 2009 . . . TO DEFENDANT. . . . THE INTRODUCTION OF THE LETTER AND PETITION OF SECOND (2ND) PCR WAS FILED WITHIN TIME, PURSUANT TO <u>R.</u> 3:22-4, 3:22-12, 3:22-5, AND 3:22-8. . . . (NOT RAISED BELOW).

POINT IV

[THE PCR COURT] ERRED IN DENYING THE INTRODUCT[ION] OF THE LETTER SENT TO DEFENDANT . . . BY THEN TRIAL COUNSEL . . . WHEN [THE PCR COURT] RULED THAT DEFENSE COUNSEL['S] . . . LETTER TO DEFENDANT . . . WAS OUT OF TIME AND THE MENTIONED LETTER WAS POSSIBLY FORGED. . . . (NOT RAISED BELOW).

We review de novo a decision to deny a petition for PCR where the PCR court did not conduct an evidentiary hearing. <u>State v. Harris</u>, 181 N.J. 391, 419 (2004); <u>see also</u> <u>State v. Jackson</u>, 454 N.J. Super. 284, 291 (App. Div. 2018) (applying a de novo standard of review to the denial of a second petition for PCR).

Applying that standard, we agree that the PCR judge correctly denied defendant's petition substantially for the reasons expressed in the judge's

thorough written decision. We find no merit to any of defendant's contentions to the contrary, and conclude, as did the PCR judge, that defendant failed to establish that his second petition was not time-barred, and in any event, that his contentions met the two-prong test under <u>Strickland</u>, as adopted by our Supreme Court in <u>State v. Fritz</u>, 105 N.J. 42, 49-50 (1987). We only add the following brief comment.

As the PCR judge noted in her decision, under <u>Rule</u> 3:22-4(b)(1) a second PCR petition must be "timely under R[ule] 3:22-12(a)(2)." A second PCR petition that alleges IAC "that represented the defendant on the first or subsequent application for" PCR, must be filed no more than one year after "the date of the denial of the first . . . application for [PCR]." <u>R.</u> 3:22-12(a)(2)(C). The one-year time limitation, however, "is absolutely prohibited" by court rule from being enlarged. <u>Jackson</u>, 454 N.J. at 292-93 (quoting <u>Aujero v. Cirelli</u>, 110 N.J. 566, 577 (1988)) (explaining that recent rule amendments made clear "that 'no second or subsequent petition shall be filed more than one year after' the date one of the three claims accrued" (quoting <u>R.</u> 3:22-12(a)(2))); <u>see</u> <u>R.</u> 3:22-12(b) ("These time limitations shall not be relaxed, except as provided herein."); <u>see also</u> <u>State v. Dillard</u>, 208 N.J. Super 722, 727 (App. Div. 1986)

(holding that the appeal of the defendant's first PCR petition did not toll the time limitation of Rule 3:22-12).

Here, defendant's first PCR petition was denied on April 25, 2014. He did not file his second petition until September 2016. Contrary to defendant's argument on this appeal, the fact that his first PCR petition was pending appeal to the Supreme Court did not toll the one-year period for him to file his second petition. That appeal was not a "direct appeal." Cf. R. 3:22-6A(2) (stating that a "petition shall be dismissed without prejudice" pending a "direct appeal" and providing for the refiling of a petition within ninety days of decision on direct appeal, even if it occurs after the five-year period for filing the initial petition). For that reason, his petition was time-barred, and in any event, we concur with the second PCR judge that defendant failed to make a prima facie showing of IAC as to his PCR or appellate counsel for the reasons stated by the judge.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2050-17T1